831 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MORAINE INDUSTRIAL SUPPLY, INC.; Harold W. Leach; and
Richard A. Perkins, Plaintiffs-Appellees,
William K. Howard and Russell L. Thuermer, Involuntary
Plaintiffs-Appellees,
v.
STERLING RUBBER PRODUCTS COMPANY, Defendant-Appellant.
 No. 86-3956.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1987.
 
 Before LIVELY, Chief Judge, KEITH and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant Sterling Rubber Products Company appeals from an order of the district court denying its motion for a preliminary injunction. This court granted defendant's motion for an injunction pending appeal.
 
 
 2
 The plaintiffs Leach and Perkins are former employees of defendant, and Moraine Industrial Supply, Inc. is a corporation formed by Leach and Perkins to compete with Sterling. The plaintiffs filed this action seeking a declaratory judgment that non-competition clauses in employment contracts of Leach and Perkins with Sterling are void, and alleging that Sterling engaged in an unlawful conspiracy and restraint of trade in violation of the Sherman Act. Sterling counterclaimed, seeking an injunction to restrain the plaintiffs and two other former employees connected with Moraine from competing with Sterling for a period of three years.
 
 
 3
 Sterling's motion for preliminary injunction was referred to a magistrate who conducted an evidentiary hearing following which he recommended that the preliminary injunction be denied on the ground that Sterling had not shown a strong probability that it would succeed on the merits. The magistrate found that the other requirements for issuing a preliminary injunction had been established by Sterling but that the consideration received by the former employees for agreements they signed with Sterling was not "bargained for" and therefore the covenants not to compete were unenforceable. The district court overruled Sterling's objections to the magistrate's report, finding that both the factual and legal conclusions contained in the report were correct. The district court specifically found that Perkins and Leach received no "bargained for" consideration for signing the non-competition agreements.
 
 
 4
 The agreements between Sterling and Leach and Perkins set forth that the consideration consisted of mutual covenants, the first item of consideration recited being, that Leach and Perkins were employed for a specific term, and would receive a certain salary, commissions, and other benefits. The covenant in favor of Sterling consisted of a promise to devote the employee's time, skill and attention exclusively to the employment, with related obligations in addition to the promise not to compete with Sterling for a period of three years after the termination of employment. The non-competition clause stated specifically that the employee consented to an injunction for any violation of that clause.
 
 
 5
 It was uncontradicted that Leach and Perkins were employees at will before the agreements in question were signed and that thereafter they were employed for specific terms with protections against discharge. Leach and Perkins continued to work for Sterling under year-to-year extensions of the employment agreements for 17 years before they resigned and entered into direct competition with Sterling. Both Leach and Perkins testified that they signed the employment agreements without reading them upon being told that they were just standard work agreements. There are no allegations of fraud or deceit in the complaint or in any other pleading filed by the plaintiffs, but the magistrate concluded that since there was no negotiating at the time the agreements were signed, in the sense that each party sought and gained some benefit from the agreement, the employment agreements were invalid and unenforceable.
 
 
 6
 Our standard of review when considering denial of a motion for preliminary injunction is abuse of discretion. If the district court's decision was based on a clear error of law, it must be set aside as an abuse of discretion. Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the district court did commit clear error in this case. The employees, Leach and Perkins, signed agreements in which their relationship with the employer was converted from employment at will to employment for a specified term during which they could be discharged only for good cause. This was ample consideration to support the agreement in which they covenanted not to compete with their employer for three years after leaving their employment.
 
 
 7
 The plaintiffs argued in this court that the consideration was not bargained for because the plaintiffs did not seek the benefit of converting to term employment with discharge possible only for cause. However, they were unable to point to any rule of law that a contract is invalid when one of the contracting parties accepts a benefit in return for a detriment even though the party had not sought the benefit in a negotiating session prior to entering into the contract. A recent case from an Ohio Court of Appeals upheld a contract where the consideration was "bargained for" on the basis of facts no more compelling than those shown by the record in this case. See Helle v. Landmark, Inc., 15 Ohio App.3d 1 (1984).
 
 
 8
 The judgment of the district court is reversed, and the case is remanded with directions to enter a preliminary injunction as prayed by the defendant and for further proceedings.